Donahue, J.
The most important question in this case arises from a consideration of the sixth *154 finding of fact by the circuit court and its first conclusion of law.
This sixth finding of fact is as follows:
“Sixth. That the plaintiff, Thomas J. Hall, is carrying on a retail coal, sand and gravel business upon the property aforesaid and has a large amount of money invested in said business; that in its prosecution he owns and employs a large number of teams and wagons for the purpose of hauling the coal, sand and g'ravel in which he deals from his elevator and bins situated on the aforesaid property to his customers in the city of Cincinnati; that his business is extensive and that before the acts of the defendant complained of he was constantly using Ludlow street as a means of egress from his premises to the city of Cincinnati and from ingress from said city to said premises; that said Hall is the owner of a large number of steamboats and barges which land at said property.to discharge their contents, and that his only means of hauling to and from the river frontage of said property is by way of Ludlow street south of Giffin street; that the bank of the river on said property east of Ludlow street is too steep to allow of the hauling of heavy property from the river over the property itself; that the access to and egress from the property described in the petition has been materially impaired and interfered with by the tracks of the defendant crossing Ludlow street in the manner aforesaid; that the ascent of said Ludlow street, from Giffin street to Front street, is now steeper at places and more difficult than it was before said tracks *155 crossed said street; and said tracks interfere with the hauling of héavy loads up the grade of Ludlow street and over the obstruction caused by said tracks; that the property described in the petition has been materially depreciated in value by reason of the defendant’s tracks crossing Ludlow street as aforesaid.”
For the purposes of this error proceedings, it is conclusively established by this finding of the circuit court that the construction of these tracks across Ludlow street not only materially impairs and interferes with access to and egress from the property described in the petition, but also that this property has been materially depreciated in value by reason of the defendant’s tracks crossing Ludlow street. This being true, it is not important that the tracks are not laid over and across that portion of Ludlow street upon which the plaintiff’s property abuts. If this street affords the only reasonable access to the property of the plaintiff, although his property does not abut immediately upon the obstructed portion, the injury to plaintiff’s property is just as substantial and his rights exactly the same as if they were placed directly in front of his property, and before the defendant can construct and maintain such tracks it must condemn the plaintiff’s easement in this street and compensate him for all damage to his property. This sixth finding of the circuit court so clearly distinguishes this case from the case of the Kinnear Manufacturing Co. v. Beatty, 65 Ohio St., 264, that it would seem unnecessary to refer at length to that case, were it not for the *156 fact that counsel for defendant in error relies largely upon the law as there announced. In that case it fully appeared that the plaintiff had reasonable access by other streets and alleys. In fact in the very proceedings she complained of an alley had been provided which furnished her a better means of access than the one vacated. In that case this court announced in the second paragraph of the syllabus that where the owner has reasonable access to his property by other streets and alleys, although the distance he may have to travel in some directions may be greater than before the vacation, he has no right to enjoin the obstruction of the vacated portion. The court in the opinion on page 282, in reviewing the authorities and declaring the law, as established by these authorities say: “The decisions in this state have clearly established that an abutting lot owner has such an interest in the portion of the street on which he abuts, that the closing of it up, or the impairment of its use as a means of access, or the addition of a new burden, is a taking of private property for a public use, and cannot be done without compensation.” Citing McCombs v. Akron, 15 Ohio, 474; Crawford v. Delaware, 7 Ohio St., 459; Street Railway Co. v. Cumminsville, 14 Ohio St., 523. “The principle of these cases, and they have been frequently followed, applies with like justice and force where a portion of a street is obstructed or vacated, that affords the only reasonable access to the property of an owner, although his property does not abut immediately upon the obstructed portion.” To the same effect *157 are the cases of Madden v. Pennsylvania Co. and Welch v. Pennsylvania Co., 21 C. C. R., 78, affirmed by this court in 66 Ohio St., 649. It would, therefore, seem to be fully settled in Ohio that whether property abuts upon that particular portion of the obstructed or vacated street, yet if that street affords the only reasonable access to the property the owner’s rights are the same as if his property actually abutted upon the obstructed parts, but where his property is not physically in contact with the vacated portion of the street and he has other reasonable means of access, then the owner has no right of action to enjoin the obstruction or recover damages.
The circuit court in this sixth finding of fact found “that said Hall is the owner of a large number of steamboats and barges which land at said property to discharge their contents, and that his only means of hauling to and from the river frontage of said property is by way of Ludlow street south of Gifñn street; that the bank of the river on said property east of Liidlow street is too steep to allow of the hauling of heavy property from the river over the property itself.” This finding fully meets every requirement of the law authorizing the owner of property not in physical contact with the vacated or obstructed portion of a street to enjoin an obstruction or recover damages therefor. It does not merely find that there is no other reasonable means of access, but that there is no other means whatever except Ludlow street south of Giffin by which these plaintiffs in error can reach that particularly valuable portion *158 of their property, and also finds that they cannot use the remainder of the same property for this purpose for the reason that the river banks are too steep to permit of doing so. While a portion of this same property may have a reasonable means of access, yet it clearly appears from this holding that all of the property has no such reasonable means, because of the fact that the surface of the property itself prevents access from one portion of it to another. Certainly it is not sufficient that the owner of property may have reasonable access to a remote portion of it if he can have no access to the portion that he is using, and which by reason of the purposes to which it is devoted is the most valuable part thereof.
The circuit court, having so found the fact, state as a part of the first conclusion of law that because the plaintiffs property is not adjacent to that portion of Ludlow street proposed ü> be crossed by these tracks, and that he also has access to another portion of his lot through Lawrence street, that he is not entitled to an injunction. Clearly this conclusion is wrong. The plaintiff is entitled to reasonable access to all of his property, and it is not sufficient that he has access to a portion if for any good reason he cannot use the property itself to reach all other parts of it necessary to his use and enjoyment thereof. There is still a further reason, and perhaps a stronger one, why this first conclusion of law is erroneous. This court held in the case of Kinnear Manufacturing Company v. Beatty, supra, that the proprietor of property not abutting upon *159 that portion of the street obstructed or vacated, would not be entitled to any relief unless the inconvenience he suffers differs in kind, and not in degree, from that of the general public. The circuit court found from the evidence not only that Ludlow street was the only means of hauling to and from the river frontage of said property and that therefore the access to and egress from the property described in the petition had been materially impaired and interfered with by the tracks of the defendant crossing Ludlow street, but further found that: “The property described in the petition has been materially depreciated in value by reason of the defendant’s tracks crossing Ludlow street as aforesaid.” Yet, notwithstanding this finding of fact, the court as a part of its first conclusion of law holds that: “The same inconvenience, though less in degree, will be suffered by the public using the street for like purposes,” and that therefore plaintiff is not entitled to an injunction. It is impossible for this court to understand how the property rights of the general public are affected by the laying of these tracks, or how its property is materially depreciated in value by reason thereof. In other words, the public has no property right but only the right or easement of travel over and upon this street. These plaintiffs have this same right in common with the public, and to -that extent the rights of the plaintiffs and the rights of the public stand equal, but the circuit court further finds that access to their private property is seriously impaired and interfered with and that the value of this private *160 property is materially depreciated by reason of the obstruction of the street complained of.
In this error proceeding this finding of fact is conclusive, nor is any claim made that it is not sustained by evidence. The only power and authority this court has is to determine whether the law has been properly applied to the state of facts so found by the circuit court. It is clear from this finding that the injury that would result to these plaintiffs from the construction of these tracks does not differ from the injury and inconvenience suffered by the public in degree only, but does substantially differ in kind in that the access to their private property will be seriously impaired and interfered with, and the value of the property itself materially depreciated, and it therefore necessarily follows that plaintiffs are entitled to injunction restraining the defendant in error from constructing and maintaining these tracks until it has in a proper proceedings appropriated the plaintiffs’ easement in the street and compensated them for the damages to their private property. Railway Company v. Lawrence, 38 Ohio St., 41.
The judgment of the circuit court in so far as it refused the plaintiff in error an injunction against the laying of these railroad tracks across Ludlow street is reversed, and this court proceeding to render the judgment that the circuit court should have rendered upon the facts found by it, the Pittsburg, Cincinnati, Chicago and St. Louis Railway Company, defendant in error, is hereby enjoined from laying or constructing the additional tracks across Ludlow street complained of in plaintiff’s petition. And it is hereby ordered *161 that said defendant in error remove all such tracks that it may have placed across said street since the commencement of this action, and the judgment of the circuit court in all other' respects is hereby affirmed.

Judgment accordingly.

Spear, C. J., Shauck, Price and Johnson, JJ., concur.